Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| GARY GOURLEY,<br><br>              Plaintiff,<br><br>v.<br><br>SENTRY CREDIT, INC.,<br><br>              Defendant. | **COMPLAINT**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### I.  INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

### II.  JURISDICTION

2.      Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

### III.  PARTIES

3.      Plaintiff, Gary Gourley ("Plaintiff"), is a natural person residing in Davis County,

1

Utah.

4.     Defendant, Sentry Credit, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV.  FACTUAL ALLEGATIONS

5.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.     All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8.     Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.     Falsely representing the character, amount, or legal status of Plaintiff's debt, including representing that Plaintiff owes a debt he does not owe and that was already settled in full with a previous collector. Despite Plaintiff's explanation of these circumstances, Defendant neglected to investigate the contention and continued to collect the debt (§ 1692e(2)(A)).

10.    Threatening to take an actions against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to file suit where Defendant did not actually intend to take such action and separately threatening to call Plaintiff again at his place of employment, where Defendant knew that such calls were inconvenient for Plaintiff and violated the policy of Plaintiff's employer (§ 1692e(5)).

11.    Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in

the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a)).

12. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and

any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.      For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Dated this 1st day of October, 2013.

**TRIGSTED LAW GROUP, P.C.**

    s/Joshua Trigsted
Joshua Trigsted
*Attorney for the Plaintiff*